## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| LILLA YVETTE PREYER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:20-cv-02621-JTF-cgc** |
| | ) | |
| INVESTOR NATION RESIDENTIAL | ) | |
| CAPITAL, LLC & SPECIALIZED LOAN | ) | |
| FINANCING, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER GRANTING DEFENDANT SPECIALIZED LOAN SERVICING, LLC's MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF LILLA YVETTE PREYER'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING DEFENDANT INVESTOR NATION RESIDENTIAL CAPITAL LLC FROM THE CASE

Before the Court is Defendant Specialized Loan Servicing[1], LLC's Motion for Summary Judgment and Plaintiff Yvette Preyer's Motion for Summary Judgment filed on June 14, 2021. (ECF Nos. 32 & 35.) Defendant Specialized Loan Servicing, LLC filed a Response in Opposition on July 9, 2021. (ECF No. 36.) Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment on July 13, 2021.[2] (ECF No. 38.) Defendant Investor Nation Residential Capital, LLC filed responses to Specialized Loan Servicing, LLC's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment on July 15, 2021. (ECF No. 39, 40.) Defendant Specialized Loan Servicing, LLC filed a Reply on July 26, 2021. (ECF No. 44.) For

---

[1] Defendant Specialized Loan Servicing LLC was improperly named as Specializing Financing LLC in reference to this civil action.

[2] Plaintiff's response to Defendant Specialized Loan Servicing LLC's Motion for Summary Judgment fails to object to the undisputed facts with citation to the record, nor are there separate disputed facts stated. Under L.R. 56.1(h), "each disputed fact must be supported by specific citation to the record." *See* L.R. 56.1(h).

the following reasons, Defendant Specialized Loan Servicing's Motion for Summary Judgment is **GRANTED**. Plaintiff Lilla Yvette Preyer's Motion for Summary Judgment is **DENIED**. Defendant Investor Nation Residential Capital, LLC is **DISMISSED** from the above-styled case due to the Court's determination that Defendant Investor Nation Residential Capital LLC was solely a good faith purchaser of the Property subject to foreclosure.

## FACTUAL BACKGROUND

This dispute arises from a foreclosure action against the real property and improvements located at 3533 Jenny Lane, Bartlett, Tennessee 38135 (the "Property"). (ECF No. 32-1, 1 ¶ 1.) On or about October 26, 2005, Lilla Yvette Preyer ("Plaintiff") purchased the Property by executing two separate promissory notes. (*Id.* at 1 ¶ 2.) The first promissory note was for $120,000.00 with a maturity date of October 26, 2035 ("First Note"), and the second promissory note was for $30,000 with a maturity date of October 26, 2020 ("Second Note"). (*Id.*) The First Note was secured by the deed of trust encumbering the Property dated October 26, 2005 and recorded with the Shelby County Register of Deeds on November 7, 2005 at Instrument No. 05182644. (ECF No. 32-1, 2 ¶ 3.) Specialized Loan Servicing LLC ("SLS") has never serviced the First Note or the deed of trust securing the First Note. (*Id.* at ¶ 4; *See also* Affidavit of Kristin Hardy ¶ 5.)[3] The Second Note was secured by the deed of trust encumbering the Property dated October 26, 2005 ("Second DOT") and recorded with the Shelby County Register of Deeds on November 7, 2005 at Instrument No. 05182665. (*Id.* at ¶ 5.) SLS was the mortgage servicer of the Second Note secured by the second deed of trust. (*Id.* at ¶ 6.)

---

[3] Defendant Specialized Loan Servicing LLC references the "Affidavit of Kristin Hardy" in Specialized Loan Servicing, LLC's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment. (ECF No. 32-1, 2 ¶ 4.) However, the "Affidavit of Ami McKernan" was, in fact, cited to throughout Defendant's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment. (ECF No. 34.) For purposes of this summary judgment motion, the Court has stricken reference to "Kristin Hardy" and replaced with "Ami McKernan" to correct the Affidavit in Support of Specialized Loan Servicing, LLC's Motion for Summary Judgment.

The Second Note fell into default due to nonpayment.  (*Id.* at ¶ 7.)  Payment on the Second Note was to begin December 26, 2012 and continue each month thereafter. However, on May 5, 2019, Defendant mailed Plaintiff a written notice of default and intent to foreclose on the Property.  (*Id.* at ¶ 8.)  Plaintiff alleges the correspondences received from Defendant dated May 5, 2019 and July 18, 2019 were not a proper acceleration notice under the terms of the Second Note.  (ECF No. 38-1, 2 ¶ 8-9.)  When Plaintiff failed to cure the default on the Second Note, Mackie Wolf Zientz & Mann, P.C. was appointed Substitute Trustee ("Substitute Trustee") under the Second DOT. The appointment occurred on October 29, 2019 and was later recorded with the Shelby County Register's Office on November 13, 2019 at Instrument No. 19118354.  (ECF No. 32-1, 3 ¶ 10.)

Substitute Trustee, on behalf of SLS, mailed Plaintiff a written notice of acceleration and loan maturity on August 28, 2019, which advised Plaintiff of the total balance due and provided contact information for the Plaintiff to request an accounting of the Second Note.  (*Id.* at 11.)  A review of this correspondence clearly shows the date it was sent, and that it was sent via "CERT MAIL."  (*Id.*; *See also* Affidavit of Ami McKernan ¶ 13.)

The Substitute Trustee's Notice of Sale announced that the foreclosure sale of the Property was scheduled for January 3, 2020. The Notice was published in The Daily News, a newspaper of general circulation in Shelby County, Tennessee, on November 26, 2019, December 3, 2019, and December 10, 2019.  (*Id.*; ECF No. 1-1, 107-108; *See also* Exhibit 6 and Affidavit of Ami McKernan ¶ 16.)   A copy of the Substitute Trustee's Notice of Sale was also mailed to Plaintiff by certified mail on or about November 19, 2019.  (*Id.*; ECF No. 1-1, 95; *See also* Exhibit 4; Substitute Trustee's Notice of Sale; Copy of Certified Mail Receipt.)  Apparently, Plaintiff failed to claim the certified letter because Defendant received notification that their certified letter was unclaimed and returned to sender.  (*Id.*; ECF No. 1-1, 104; *See also* Exhibit 5; Copy of Certified

Mail Notification with Unclaimed and Return to Sender status dated November 23, 2019; Affidavit of Ami McKernan ¶ 17.)

On January 3, 2020, the Property was sold at the foreclosure sale to Investor Nation Residential Capital, LLC ( "Defendant Investor Nation Residential Capital" or collectively, the "Defendants") for the purchase price of $32,001.00. (*Id.*; ECF No. 1-1, ¶¶ 110-111; *See also* Exhibit 7; Copy of Substitute Trustee's Deed for the Property; Affidavit of Ami McKernan ¶ 18.) On or about February 25, 2020, Investor Nation Residential Capital, LLC filed a forcible entry and detainer action in Shelby County General Session Court seeking possession of the Property. (*Id.*; ECF No. 1-1, 3 ¶¶ 18-19; *See also* Exhibit 9; ECF No. 6, 4 ¶¶ 20-21; ECF No. 7, 4 ¶¶ 20-21.)

Defendant Investor Nation Residential Capital is a party to this lawsuit solely by virtue of being the purchaser of the Property at the foreclosure sale; Plaintiff makes no specific allegations against it. (ECF No. 39.)

## LEGAL STANDARD

In evaluating a motion for summary judgment, federal courts are guided by Rule 56 of the Federal Rules of Civil Procedure, which provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of this case. *See* Fed. R. Civ. P. 56(c); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) ("The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.") (internal quotation marks omitted).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *DeLuca v. Atl. Refining Co.*, 176 F.2d 421, 423 (2d Cir. 1949)). Furthermore, one may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, the nonmovant must present "concrete evidence supporting its claims." *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); *see* Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. *See* Fed. R. Civ. P. 56(c)(3); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The nonmovant has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. *See* Fed. R. Civ. P. 56(c)(1); *InterRoyal Corp.*, 889 F.2d at 111.

## <u>ANALYSIS</u>

Defendants argue they are entitled to summary judgment under Fed. R. Civ. P. 56(a) on each of Plaintiff's causes of action. (ECF No. 32.; *See also* Plaintiff's Complaint, ECF No. 1-1, ¶¶ 4-5.) Causes of action against Defendants include (1) breach of contract, (2) wrongful foreclosure, (3) accounting, and (4) application for injunctive relief. (*Id.*)

As an initial matter, there is a difference of opinion between Plaintiff and SLS as to whether a fifth cause of action is made in the Complaint. (ECF No. 17, 2.) The Court notes that unjust enrichment is not listed as an enumerated claim on the face of Plaintiff's Complaint, though the title on the Complaint includes a reference to it. (ECF No. 1.) Even though there are contractual agreements between the parties, such as the Note and Deed of Trust, there are no facts asserted in

the Complaint that would support a cause of action for unjust enrichment. (*Id.*); *see Whitehaven Community Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a contractual obligation only where one does not already exist). Therefore, the Court finds that any claim for unjust enrichment fails as a matter of law.

### A.   Breach of Contract as to the Second DOT due to Lack of Notice

The first issue is whether Defendants breached the second DOT by not properly notifying Plaintiff of default, acceleration and foreclosure. (ECF No. 1-1, 4 ¶ 20.)  To establish a claim for breach of contract under Tennessee law, "a plaintiff must demonstrate (1) the existence of a contract, (2) nonperformance amounting to a breach of that contract, and (3) damages caused by the breach of the contract." *Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. P'ship*, 79 F.3d 496, 514 (6th Cir. 1996).  The parties do not dispute whether the Second DOT constitutes a valid contract, but instead whether SLS breached the contract by not properly following the notice provisions as expressly stated in ¶ 12(a).  (ECF No. 1-1, 84.)  The Second DOT provides in Section 12 that "(a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein." (*Id.*; ECF No.1-1, 13 ¶ 12;  *See also* Exhibit 1, Section 12, Notice.)  Moreover, Section 17 of the Second DOT states, "the Lender prior to acceleration shall give notice to Borrower as provided in Section 12 by specifying: (1) the breach; (2) the action required to cure the breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which the breach must be cured; and (4) that failure to cure the breach on or before the date specified in the notice

may result in acceleration of the sums secured by the Second DOT and sale of the Property." (*Id.*; ECF No.1-1, 13 ¶ 17; *See also* Exhibit 1, Section 17, Acceleration.)

SLS contends that Plaintiff's argument that SLS did not properly notify Plaintiff of her default conflicts with the plain terms of the Second DOT.  (*Id.*)  SLS asserts that notwithstanding Plaintiff's failure to accept the certified mail containing the notice of default and acceleration of the loan, SLS gave Plaintiff proper notice as required under the Second DOT.  (*Id.*)  Thus, SLS argues that Plaintiff's claim fails as a matter of law and should be dismissed under Fed R. Civ. P. 56(a).  (*Id.*)  Conversely, Plaintiff argues that SLS failed to comply with the Second DOT by failing prove that the notices were sent by certified mail.  (ECF No. 35, 2 ¶ 3; *See also* ECF No. 6-1 and 6-2.)  Plaintiff further points out that the letter dated August 28, 2019, by SLS does not contain a proper United States Postal Service Tracking Number or return receipts which would demonstrate that the letter was delivered by certified mail to Plaintiff.  The Court notes that Plaintiff attached to her Complaint copies of the three notices sent to her.  (ECF Nos. 6-3 and 1-1, 97-105.)  After reviewing the record, the Court finds that Plaintiff has failed to sufficiently support a claim for breach of the Second DOT's notice provision.

The First Notice of Default properly identifies Plaintiff as the person that is contractually bound to the Second DOT and the property address where it was mailed.  It appears that the property address on the First Notice of Default matches the property described in the Second DOT. The Second Notice of Default, dated July 18, 2019, informed Plaintiff of the pending foreclosure referral but provided Plaintiff with an opportunity to discuss eligible alternatives to foreclosure. (ECF No. 6-2.)  Similarly, Plaintiff and the Property are accurately identified in the Second Notice of Default.  Finally, the Notice of Acceleration of Loan Maturity ("Notice of Loan Acceleration"), dated August 28, 2019 and sent by the Substitute Trustee on behalf of SLS, denoted "CERT

MAIL" at the top of the notice letter.  Plaintiff and the Property appear to be accurately identified.  (ECF No. 6-3)

SLS argues that "a presumption of the due receipt of a letter arises upon proof that such letter was deposited in the post office, properly stamped and correctly addressed."  *Ally Fin. v. Tennessee Dep't of Safety & Homeland Sec.*, 530 S.W.3d 659, 669 (Tenn. Ct. App. 2017); *see also Southern Region Indus. Realty, Inc. v. Chattanooga Warehouse & Cold Storage Co.*, 612 S.W.2d 162, 164 (Tenn. Ct. App. 1980) (citing *Myers v. Moore-Kile Co.*, 279 F. 233, 235 (5th Cir. 1992) ("a presumption that a letter was mailed may arise from the testimony of an officer of a corporation that he dictated and signed the letter and placed it in the regular course for mailing."))

Here, Defendant mailed three letters notifying Plaintiff that the note on the mortgage loan was in default for failure to pay the December 26, 2012 payment and the payments due each month thereafter.  (ECF No. 6-1.)  The first letter, entitled "Notice of Default and Notice of Intent to Foreclose," was dated May 5, 2019.  (*Id.*)  Subsequent letters sent to Plaintiff on July 18, 2019, and August 28, 2019, further notified Plaintiff that the mortgage was in serious default and has been referred to foreclosure.  (ECF Nos. 6-2 and 6-3.)  In fact, the letter dated August 28, 2019, that contained the CERT MAIL caption at the top notified Plaintiff that SLS retained the Substitute Trustee to accelerate the maturity of the note given the mortgage's default status.  (*Id.* at ECF No. 6-3.)  Given the notice provisions under the Second DOT, there is no indication in the record that Plaintiff provided Defendant with "such other address as Borrower may designate by notice to Lender."  In other words, Defendant only had one address where correspondence pertaining to the Property should be mailed.  That designation was the Property address found in the Second DOT.

Plaintiff's mortgage on the Property has been in default since December 26, 2012.  After reviewing the record, the Court finds that there are no genuine issues of material facts regarding

Plaintiff's breach of contract claim for lack of notice by certified mail, and SLS is entitled to judgment as a matter of law.

**B.** **Wrongful Foreclosure**

Plaintiff repeatedly argues that she did not receive any correspondence from SLS, nor did she receive a proper acceleration notice of the Second Note. (ECF No. 38-1, ¶ 8, 9, 11, 12, and 15.) Plaintiff's argument is that she is shielded by not receiving any notices or correspondence from SLS. Although Plaintiff argues that she did not receive notice of the payoff amount, she also concedes that she failed to cure her default status. (ECF No. 32-1, ¶ 10 and 11; ECF No. 38-1, ¶ 10; *See* Plaintiff's Undisputed Response.) SLS argues that Plaintiff's claim for wrongful foreclosure fails as a matter of law because Plaintiff admits her default status and has simply refused to accept the notices that were mailed to her. (ECF No. 32-1, ¶ 11.) SLS further argues that Plaintiff's failure to accept the certified mail containing the acceleration notices does not negate the fact that Defendant SLS provided Plaintiff with proper notice as required under the Second DOT. (*Id.*)

To have a foreclosure sale set aside, a plaintiff must show "some evidence of irregularity, misconduct, fraud, or unfairness on the part of the trustee or the mortgagee that caused or contributed to an inadequate price, for a court of equity to set aside the sale." *Holt v. Citizens Cent. Bank*, 688 S.W.2d 414, 416 (Tenn. 1984). "Even when the sale price is shockingly disproportionate to the actual value of the property the court will not set the sale aside." *Orlando Residence, Ltd. v. Nashville Lodging Co*., 104 S. W.3d 848, 855 (Tenn. Ct. App. 2002) (citing *Holt*, 688 S.W.2d at 416.)

Upon review of the record, there is no evidence of irregularity, misconduct, fraud, or unfairness on the part of the Substitute Trustee or SLS for the Court to set aside the sale. In

addition to SLS' compliance with the terms of the DOT with regard to providing written notice, Plaintiff admitted to being in a default status on her mortgage. In the Court's view, there was justification for the Substitute Trustee or SLS to foreclose on the property.

As the record suggests, Defendant Investor Nation Residential Capital purchased the property subject to the lien of the first mortgage. The Deed of Trust foreclosed by SLS was a second mortgage, which was subordinate to the First Note in the amount of $120,000.00. (*See* ECF No. 1-1.) Thus, Investor Nation Residential Capital paid $32,001.00, acquiring rights in the Property afforded to SLS in its Second Note. This undisputed fact corroborates Investor Nation Residential Capital's position of being a party to this lawsuit solely by virtue of being a good faith purchaser of the Property at the foreclosure sale of the Property. Plaintiff does not raise any specific allegations against Investor Nation Residential Capital. Therefore, the Court finds that the real estate sale was reasonable under the circumstances.

As stated previously, the certified mail notification as well as the various correspondence were directly addressed to Plaintiff at the Property identified in the note. Plaintiff hangs her argument around not receiving a proper acceleration notice. However, the Court has already found that this argument misplaced and not well-taken. The Court concludes that SLS provided proper notice relative to acceleration and foreclosure of the Property. Therefore, the Court finds that there are no genuine issues of material fact regarding Plaintiff's wrongful foreclosure claim, and SLS is entitled to judgment as a matter of law.

## C.   <u>Accounting</u>

An accounting is "an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate." *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972). Moreover, "an accounting is inappropriate in cases regarding amounts due under a contract,

such as a note or mortgage." *Sower v. Chase Home Fin., L.L.C.*, No. 13-15274, 2016 WL 4446589, at *6 (E.D. Mich. Aug. 24, 2016). "Because the sums due under a mortgage and note can be determined by the parties' contractual agreement, an accounting is unavailable." (*Id.*)

Plaintiff argues that she is unaware of what has been paid and what is owed, and therefore seeks an accounting of the Note securing the Deed of Trust. (ECF No. 1-1, ¶ 23-25.) SLS responds that Plaintiff's claim for "accounting" is not a cause of action, but rather appears to be a request for her payment history on the mortgage, which has been provided. (ECF No. 33, 3.)

The Court does not find that legal remedies are inadequate in this case. Since this case involves Plaintiff's continuous default of the mortgage on the Property, and because a payment history has been provided, an accounting is unnecessary and inappropriate. Plaintiff has not sufficiently or plausibly raised a cause of action to support a remedy for accounting. The Court ultimately finds that notice was provided through SLS's efforts to inform Plaintiff of her default status on the mortgage, as well as the acceleration activity that followed. The request for an accounting, as stated in Plaintiff's Complaint, fails as a matter of law, and there are no genuine issues of material fact that would support such a claim.

### D. <u>Application for Injunctive Relief</u>

Plaintiff argues that at the filing of the Complaint, she was in immediate danger because she was set to be evicted from the Property on Wednesday, July 8, 2020. (ECF No. 1-1, ¶ 32.) Plaintiff further argues that she will suffer irreparable harm if SLS and Investor Nation Residential Capital, LLC are allowed to evict her. (ECF No. 1-1, ¶ 33.) SLS responds that Plaintiff's Complaint was not filed until after the foreclosure sale was held, and SLS no longer has interest in the Property. Thus, there is no action from which SLS could be enjoined. (ECF No. 33, 12.)

SLS states that injunctive relief should be denied since Plaintiff has not demonstrated any set of facts that support her request.

The following factors generally must be considered by the trial court when deciding whether to grant a preliminary injunction: (1) the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on defendant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest. *Mosby v. Colson*, No. W200600490COAR3CV, 2006 WL 2354763, at *13 (Tenn. Ct. App. Aug. 14, 2006).[4]  Furthermore, injunctive relief is not a cause of action—it is a remedy.  *Thompson v. JPMorgan Chase Bank, N.A.*, 563 F. App'x 440, 442 (6th Cir. 2014).

Here, the Court does not find any legitimate basis to grant injunctive relief.  First, as the Sixth Circuit advises, an injunction is a remedy and not a cause of action as stated in the Plaintiff's Complaint.  Since Plaintiff's causes of action are unsupported claims for relief, as addressed above, the Court finds that Plaintiff cannot show a likelihood of success on the merits. Second, Plaintiff has not been evicted from the Property since the filing of this federal lawsuit on August 19, 2020, as confirmed by the filing of Plaintiff's Notice and Status of Compliance.  (ECF No. 50, 1.) Apparently, Plaintiff has again stopped making any mortgage or court ordered payments, and has greatly benefited from the legal process.  Plaintiff has not, nor is she likely to, suffer irreparable harm.  Therefore, Plaintiff's request for injunctive relief is denied.

---

[4]  In *Mosby*, the Tennessee Court of Appeals affirmed that "Mosby's alleged need for a preliminary injunction has been abrogated since we have determined, as did the trial court, that Mosby's complaint failed to state a claim for which relief could be granted. Accordingly, we affirm the trial's court decision to deny Mosby's request for injunctive relief."  *Mosby* at 2006 WL 2354763, at *13.

## <u>CONCLUSION</u>

For the reasons provided above, Defendant Specialized Loan Servicing's Motion for Summary Judgment is **GRANTED**.  (ECF No. 32.)  Plaintiff Lilla Yvette Preyer's Motion for Summary Judgment is **DENIED**. (ECF No. 35.)  Defendant Investor Nation Residential Capital, LLC is **DISMISSED** as a party from the above-styled case due to the Court's determination that Defendant Investor Nation Residential Capital LLC was solely a good faith purchaser of the Property subject to foreclosure.

**IT IS SO ORDERED** this 30th day of September, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTICT JUDGE